UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID WALBY,

Plaintiff,

v.

CITY OF HANCOCK, et al.,

Defendants.
_______________________________/

Case No. 2:26-cv-00009

Hon. Hala Y. Jarbou
Chief U.S. District Judge

**ORDER REGARDING SETTLEMENT CONFERENCE**

The settlement conference in this case has been rescheduled to **September 1, 2027, at 1:30 p.m.,** and will be conducted by video conference.

**Persons Required to Attend.** Unless excused by a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority. The person with settlement authority must come with authority to accept, without further contact with another person, the settlement demand of the opposing party. In addition, where a party is insured, a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand shall also attend. All parties shall be present in person unless specifically excused by written motion and order (or otherwise directed) by the Court. W.D. Mich. LCivR 16.6.

**Settlement Letter to Opposing Party.** A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall deliver or e-mail copies of these letters to the chambers of Judge Maarten Vermaat no later than three (3) business days before the conference. Letters should be mailed, hand delivered, or e-mailed to vermaatmediation@miwd.uscourts.gov. Do not file copies of these letters in the Clerk's Office.

**Confidential Settlement Letter to Court.** In addition, three (3) business days before the conference, each party or their attorney shall submit to the chambers of Judge Maarten Vermaat a confidential letter concerning settlement. Letters should be mailed, hand delivered, or e-mailed to vermaatmediation@miwd.uscourts.gov. A copy of this letter need not be provided to any other party. Do not file copies of these letters in the Clerk's Office. All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's

certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement. Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

**IT IS SO ORDERED.**

Dated: September 11, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE